UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN J. NOVACK,  \*
as representative of the former shareholders  \*
of Retail Convergence, Inc.,  \*
 \*
    Plaintiff,  \*
 \*
  v.  \*  Civil Action No. 11-11176-JLT
 \*
GSI COMMERCE, INC., MICHAEL G.  \*
RUBIN, NRG COMMERCE, LLC,  \*
GIBRALTAR ACQUISITION CORP., and  \*
EBAY INC.,  \*
 \*
    Defendants.  \*

MEMORANDUM

October 6, 2011

TAURO, J.

I.    Introduction:

This action arises out of two mergers. The first is the 2009 merger of Retail Convergence, Inc. ("RLL") and GSI Commerce, Inc. ("GSI").[1] The second is GSI's 2011 merger with eBay.[2] Plaintiff represents the former shareholders of RLL who claim that the 2011 merger entitles them to an "earn-out" under the terms of the 2009 merger and that the Defendants acted to deprive them of that "earn-out." Plaintiff claims that Defendants are therefore liable for breach of contract (including the breach of the implied covenant of good faith and fair dealing), tortious interference, unjust enrichment, and unfair and deceptive practices in violation of M.G.L. ch.

---

[1] Complaint ¶ 2 [#1-1].

[2] Id. at ¶¶ 3-4 [#1-1].

1

93A.[3] Presently at issue is the Plaintiff's Motion to Remand to the Business Litigation Session of Suffolk Superior Court [#11]. For the following reason the Plaintiff's Motion to Remand is ALLOWED IN PART and DENIED IN PART.

II. Background:

Plaintiff Kenneth J. Novack (Novack) is a resident of Massachusetts and representative of the shareholders of RLL under the 2009 RLL-GSI merger agreement.[4] One of the former shareholders of RLL is General Catalyst Group IV, L.P., a limited partnership that has a Delaware corporation as one of its limited partners.[5] Defendant GSI is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania.[6] Defendant NRG Commerce, LLC (NRG) is a limited liability company organized under the laws of Delaware and wholly owned by Michael G. Rubin.[7] Defendant Michael G. Rubin (Rubin) is the Chairman of the Board, CEO, and founder of GSI, and the sole owner of NRG.[8] He is a resident of Pennsylvania. Defendant eBay, Inc. (eBay) is a publicly traded corporation organized under the laws of Delaware with its principal place of business in California.[9] Defendant Gibraltar Acquisition Corp. (Gibraltar) was a Delaware corporation wholly owned by eBay that was used as an

---

[3] Id. at ¶ 21 [#1-1].

[4] Id. at ¶ 22 [#1-1]; Notice of Removal ¶ 2(g) [#1].

[5] See Affidavit of William J. Fitzgerald in Support of Plaintiff's Motion to Remand ¶¶ 2-3 [#13].

[6] Notice of Removal ¶ 2(b) [#1].

[7] Id. at ¶ 2(f) [#1].

[8] Complaint ¶ 23 [#1-1]; Notice of Removal ¶ 2(e)-(f) [#1].

[9] Notice of Removal ¶ 2(c) [#1].

2

acquisition vehicle for the 2011 merger.[10]

In November 2009, Defendant GSI acquired RLL for an amount that could total up to $350 million upon the satisfaction of certain conditions. RLL was an e-commerce company that was launched in 2008. It offered luxury goods at reduced prices to a select membership. The terms of the agreement between RLL and Defendant GSI provided that RLL's shareholders would receive $180 million in cash and stock at the close of the merger and could receive an additional $170 million through one of two "earn-out" provisions.[11] The relevant one of these "earn-out" provisions provided that if Defendant GSI sold RLL within three years, RLL's former shareholders would be entitled to receive any consideration that Defendant GSI received for RLL in excess of $180 million, up to the earn-out cap of $170 million.[12] The parties contracted as part of the 2009 merger agreement that sole jurisdiction for any actions arising our of the agreement would be in the United States District Court in the Southern District of New York.[13]

The merger agreement provides for a shareholder representative who acts as "[the shareholders'] true and lawful agent, proxy and attorney-in-fact" with the power to "take any actions in connection with the resolution of any dispute relating hereto or to the transactions

---

[10] Complaint ¶ 27 [#1-1].

[11] Agreement and Plan of Merger by and among GSI Commerce, Inc., Cola Acquisition Corp., Retail Convergence Inc., the Principal Stockholders of Retail Convergence, Inc. and William J. Fitzgerald, as Stockholders' Representative ("2009 Merger Agreement"), §§ 2.1, 2.9(a) (2009) [#10-1].

[12] Id. at § 2.9(l)(iv) (2009) [#10-1].

[13] Id. at § 12.11 [#10-1]. It is well settled that parties cannot contract or stipulate to federal jurisdiction where there would be none otherwise. Mitchell v. Maurer, 293 U.S. 237, 244 (1934).

contemplated" and "take any actions in regard to such other matters as are reasonably necessary for the consummation of the transactions" in the merger agreement.[14] While the agreement contemplates that the shareholder representative may "waive any terms and conditions of this Agreement" it explicitly forbids such a waiver for the payments due the stockholders under the agreement.[15] Plaintiff represents that he is the successor to the original shareholder representative and as such possesses the powers provided under the 2009 Merger Agreement.[16]

The current action arises out of the 2011 merger of Defendant GSI and eBay. Plaintiff claims that the former shareholders of RLL are entitled to money from the "earn-out" provisions of the 2009 Merger Agreement.[17] Plaintiff filed suit in Suffolk Superior Court in the Commonwealth of Massachusetts on June 3, 2011 as the representative of RLL's former shareholders claiming (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) tortious interference with contractual rights; (4) unjust enrichment against Defendant Rubin; and (5) unfair and deceptive business practices in violation of M.G.L. 93A.[18] Plaintiff requests the following relief: (1) monetary damages; (2) disgorgement of Defendants' ill-gotten profits; (3) treble damages; (4) costs and attorneys fees; (5) a requirement that Defendant eBay guarantee the earn-out obligations, or if Defendant eBay is being indemnified against

---

[14] 2009 Merger Agreement, § 12.13 [#10-1].

[15] Id. at § 12.13(b)(viii) [#10-1].

[16] Complaint ¶ 22 [#1-1]. Plaintiff represents that a Supplemental Stockholders' Representative Agreement was executed on May 2, 2011 which replaced the original stockholder representative, William J. Fitzgerald with Plaintiff.

[17] Id. at ¶ 4 [#1-1].

[18] Id. at ¶ 21 [#1-1].

4

guaranteeing the earn-out obligations, a declaration of a breach of the merger agreement.[19] On July 1, 2011, Defendants filed a Notice of Removal [#1] in the United States District Court for the District of Massachusetts. Plaintiff subsequently filed a Motion to Remand [#11] the case to the Business Litigation Session of the Suffolk Superior Court on July 22, 2011.

III.   Discussion

It is a basic premise of our constitutional system that federal courts possess only limited jurisdiction.[20] Federal courts are given jurisdiction when there is complete diversity among the parties.[21] In interpreting the federal courts' diversity jurisdiction, the Supreme Court has relied on bright line rules, even when such rules might "be characterized as technical [and] precedent-bound."[22] It only remains for the District Courts to apply those rules. Removal from state court to federal court is only appropriate where the federal district court would have had jurisdiction to hear the case in the first instance, and removal statutes are strictly construed.[23] Defendants bear the burden of establishing that removal is proper.[24]

---

[19] Id. at ¶¶ 75-110 [#1-1].

[20] Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005).

[21] 28 U.S.C. § 1332; C.T. Carden v. Arkoma Assoc., 494 U.S. 185, 187 (1990).

[22] See C.T. Carden, 494 U.S. at 196.

[23] Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 33 (2002); Ten Taxpayers Citizens Group v. Cape Wind Assoc., LLC, 373 F.3d 183, 191 (1st Cir. 2004); Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 4 (1st Cir. 1999); See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

[24] Danca, 185 F.3d at 4; BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America, IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997).

A. The Former Shareholders' Citizenship is Relevant Because Plaintiff is Acting as an Agent, Not a Trustee.

When several individuals are represented by one individual for purposes of litigation, the general rule is that the citizenship of each represented individual is relevant for determining diversity.[25] There is an exception to this rule for trustees in an express trust, but the exception is inapplicable where the relationship between the representative and the represented parties is one of agency, not trusteeship.[26] The Supreme Court has distinguished trustees – who possess legal title and the power to manage assets in addition to the power to control litigation – from agents who act as "'mere conduits' for a remedy flowing to others."[27] The Supreme Court has similarly found that the citizenship of all owners is relevant in determining the citizenship of unincorporated business associations for diversity purposes.[28]

Here, Plaintiff is acting as an agent for the former shareholders of RLL. The agreement establishing that relationship empowers Plaintiff as the shareholder representative to act for the shareholders collectively in legal actions arising out of the merger agreement.[29] Although the agreement grants the shareholder representative some discretion to waive the requirements of the

---

[25] This issue has not been directly decided by the First Circuit. See Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 55 (1st Cir. 2006). However, several other circuit courts have recognized this general rule. See Assoc. Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc., 149 F.3d 794, 796 (8th Cir. 1998); Airlines Reporting Corp. v. S&N Travel, Inc., 58 F.3d 857, 862 (2d Cir. 1995).

[26] Navarro Savings Assoc. v. Lee, 446 U.S. 458, 465 (1980).

[27] Id.

[28] C.T. Carden v. Arkoma Assoc., 494 U.S. 185, 195 (1990).

[29] 2009 Merger Agreement, § 12.13 [#10-1].

6

merger agreement, it explicitly forbids the shareholder representative from waiving any amount of money due to the shareholders under the agreement.[30] It does not authorize Plaintiff to change the underlying relationship between Defendants and RLL's former shareholders.[31] Plaintiff will not possess the award or any claim to any award from any action against Defendants. The award will instead go directly to the former shareholders.[32] Plaintiff is only acting as the means by which the former shareholders can enforce the merger agreement, and is thus the agent of the former shareholders.

It would be inconsistent with Supreme Court precedent to allow the shareholder representative's citizenship alone to be controlling when the citizenship of much more formalized entities, like limited liability companies, remains defined by the citizenship of each owner.[33] If limited agency agreements, like this one, could define the diversity inquiry, almost any case that could satisfy the relatively lenient amount in controversy requirement could be heard in federal court.**[34]** Because Plaintiff is an agent for the former shareholders the exception is inapplicable and the citizenship of each former shareholder must be considered to determine whether complete

---

[30] 2009 Merger Agreement, § 12.13(b)(viii) [#1-1].

[31] Id. at § 12.13 [#10-1].

[32] Id.

[33] See C.T. Carden, 494 U.S. at 195.

[34] If the amount in controversy requirement were met, several parties from the same state could create diversity by contracting with an out of state individual to represent them in a suit against a party from the same state. This arrangement would satisfy the Defendants' proposed interpretation of the requirements of diversity. Such a decision would practically transform the federal courts into courts of general jurisdiction.

7

diversity exists.

### B. Federal Jurisdiction is Improper When There is Not Complete Diversity.

The diversity inquiry now turns on the existence of complete diversity among the relevant parties.[35] Looking beyond Plaintiff, the former shareholders of RLL include at the very least one legal entity with Delaware citizenship. General Catalyst Partners IV, L.P. is a Delaware limited partnership. As a limited partnership, it possesses the citizenship of all of its limited and general partners.[36] One of the limited partners of General Catalyst Partners IV, L.P. is a Delaware corporation.[37] Defendants GSI, eBay, and Gibraltar are all Delaware corporations.[38] Therefore there is no diversity in this case because there are Delaware citizens among the relevant persons on both sides. The federal courts do not possess jurisdiction where complete diversity among the parties is lacking.[39]

### C. Plaintiff is Not Entitled to Costs and Attorney Fees Under 28 U.S.C. § 1447 (c).

Plaintiff requests costs and attorney fees pursuant to 28 U.S.C. § 1447 (c).[40] Both parties recognize that the standard for reimbursement of costs and attorney fees under 28 U.S.C. § 1447

---

[35] See C.T. Carden, 494 at 187; 28 U.S.C. § 1332.

[36] C.T. Carden, 494 U.S. at 195-96 (1990).

[37] See Affidavit of William J. Fitzgerald in Support of Plaintiff's Motion to Remand [#13].

[38] Notice of Removal ¶ 2(b)-(d) [#1]; Complaint ¶ 25-27 [#1-1].

[39] See American Fire & Cas. Co. v. Finn, 341 U.S. 6, 17 (1951).

[40] The relevant statute provides that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

(c) is "only where the removing party lacked an objectively reasonable basis for seeking removal."[41] In order to receive costs and fees the governing law must be "so one-sided as to have made remand a foregone conclusion."[42] Costs and fees are only proper when removal is based upon the party's bad faith intent and desire to delay and frustrate justice.[43]

In this case, although the Defendants are incorrect in attempting to remove the case to federal court, their attempt was not unreasonable or based upon a bad faith. Because there is no binding precedent on point, the outcome was not predetermined.[44] Plaintiff provides no evidence that Defendants' attempt at removal was motivated by bad faith or the intent to delay and frustrate justice.[45]

IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand [#11] is ALLOWED IN PART and DENIED IN PART. AN ORDER HAS BEEN ISSUED.

    /s/ Joseph L. Tauro
    United States District Judge

---

[41] Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

[42] Reynolds v. World Courier Ground, Inc., 272 F.R.D. 284, 288 (D. Mass. 2011)(citation omitted).

[43] Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir. 1977).

[44] As mentioned earlier, see supra text accompanying note 25, the First Circuit has explicitly not addressed the issue at point here. See Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 55 (1st Cir. 2006).

[45] Plaintiff makes allegations but fails to provide specific evidence that Defendants were motivated by bad faith. Memorandum in Support re Motion to Remand to Business Litigation Session of Suffolk Superior Court, 10-11 [#12].